NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINGATE INNS INTERNATIONAL INC., *Plaintiff*, v. HONG VAN NGUYEN, *Defendant.* | Civil Action No. 16-0939 OPINION |

**THIS MATTER** comes before the Court on Plaintiff Wingate Inns International Inc.'s ("Wingate") motion for default judgment against Defendant Hong Van Nguyen ("Nguyen") pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 14. For the reasons set forth herein, the motion is **GRANTED**.

### I. BACKGROUND

Wingate is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1. Wingate is a franchisor of guest lodging facilities. Id. ¶ 7. Defendant Nguyen is an Alabama citizen. Id. ¶ 2.

On July 24, 2006, Wingate entered into the Franchise Agreement with Nguyen for the operation of a 100-room Wingate guest lodging facility located at 5190 Motel Court, Mobile, Alabama (the "Facility"). Id. ¶ 6. Nguyen was obligated to operate the Facility for a twenty-year term. Id. ¶ 7. The Franchise Agreement provided that Nguyen would receive a $250,000 development incentive from Wingate. Id. ¶ 8. On July 24, 2016, Nguyen made a Development Incentive Note for $250,000. Id. ¶ 11. Pursuant to the terms of the Note, for each year the Facility remained open, one-fifteenth of the original principal amount would be forgiven without payment.

1

Id. ¶ 12. The Note provides that upon termination of the Franchise Agreement, "the outstanding, unamortized principal balance of this Note shall be immediately due and payable without further notice, demand or presentment." Id. ¶13. If the Note is not paid within 10 days after it is due, the outstanding principal balance will accrue interest at a rate equal to the lesser of 18% per year or the highest rate allowed by applicable law. Id. ¶ 14.

On or around January 24, 2012, Nguyen lost possession of the Facility to a third party. Id. ¶ 16. Since losing possession of the Facility, Nguyen has failed to pay the outstanding principal balance of the Note to Wingate. Id. ¶ 17.

On February 22, 2016 Wingate filed the instant Complaint. The Complaint asserts one count for breach of contract. Id. ¶ 25. Wingate seeks damages in the amount of $200,000 for the principal sum due and owed under the Note, together with interest, attorneys' fees, and costs. Id. ¶ 26.

After unsuccessful attempts to serve Nguyen in person, Wingate served Nguyen by letter dated August 25, 2016, via certified and regular mail. See Aff. of Service, Dkt. No. 10. On October 5, 2016, Plaintiff requested the entry of default, and the Clerk entered default on October 6, 2016. Dkt. No. 13. On October 28, 2016, Plaintiff filed the instant motion for default judgment against Nguyen. Dkt. No. 14. The motion is unopposed.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether

the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. This Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and there is an amount in controversy exceeding $75,000. See Compl. ¶¶ 1-3. This Court has personal jurisdiction over Nguyen based upon the jurisdictional Section 17.6.3 of the Franchise Agreement, which states that he consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey . . . ." Compl. ¶ 4; Franchise Agreement, Ex. A to Affidavit of Suzanne Fenimore ("Fenimore Aff.") ¶ 17.6.3, Dkt. No. 14-3. Plaintiff also provided the Court with proof of service on Nguyen. See Executed Summons, Dkt. No. 5.

#### B. Liability

As Defendant has not filed an Answer or otherwise responded to the Verified Complaint, the Court must accept the truthfulness of Wingate's well pled allegations as to liability. The Court is satisfied that Wingate has adequately pled claims against Defendant for breach of contract.

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that defendant breached the contract; and (3) that plaintiff suffered damages due to the breach. See AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Here, Wingate has alleged that: (1) there was a contractual relationship with Nguyen based on a Franchise Agreement and Development Incentive Note he entered with Wingate, see Compl. ¶ 6; Fenimore Aff. ¶¶ 7-8; (2) that Nguyen breached the Note by failing to pay the outstanding principal balance of the Note upon termination of the Franchise Agreement, see Compl. ¶¶ 21-24; and (3) that Wingate suffered damages as a result of Nguyen's breach, see Compl. ¶ 26. Therefore, Wingate has sufficiently alleged that Nguyen is liable for breach of the Franchise Agreement.

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Verified Complaint, Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds that Defendants acted culpably as he has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Couch Cert. ¶¶ 4-11; Nationwide Mut. Ins. Co. v. Starlight

Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff has requested a default judgment in the amount of $373,786.06. Fenimore Aff. ¶ 17. This amount is calculated as of November 21, 2016 and consists of the outstanding balance of the Note, $200,000, plus interest. Id. ¶¶ 15-16. The interest amount of $173,786.06 was calculated by applying the Note's annual interest rate of 18% to the outstanding balance over a period of 1,762 days.[1] Id. ¶ 16. In support of its claim for damages, Wingate submitted a copy of the Franchise Agreement, the Note, and an itemized statement setting forth the balance of the Note and the prejudgment interest of the Note as of the date of this motion. See Fenimore Aff. Ex. F. This evidence satisfies the legal standard for damages. See, e.g., Wingate Inns Intern., Inc. v. Hotel Square, LLC, No. 15-4072, 2016 WL 1366909, at *2 (D.N.J. April 5, 2016) (holding that similar evidence of damages for outstanding balance on a note was sufficient for the entry of default judgment); Wingate Inns Intern., Inc. v. P.G.S., LLC, No. 09-6198, 2011 WL 256327, at *2 (D.N.J. Jan. 16, 2011) (same).

## IV. CONCLUSION

For the reasons set forth herein, Wingate's motion for default judgment, Dkt. No. 14, is **GRANTED** and judgment shall be entered against Defendant Hong Van Nguyen in the amount of $373,786.06. An appropriate Order accompanies this Opinion.

**Dated: April 28, 2017**

---

[1] The time period over which the interest rate was applied was from January 25, 2012, the date the Note became due upon the termination of the Franchise Agreement, and November 21, 2016, the return date for the present motion, which amounts to 1,762 days. The $173,786.06 figure is calculated by multiplying $200,000 by 0.18, which equals to $36,000 interest per year. That amount is then divided by 365 days to equal $98.63 in interest per day. When $98.63 is multiplied by 1,762 days, the interest owed equals $173,786.06. Id. ¶ 16.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**